# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ADRIAN JENKINS,

    Plaintiff,

v.

MAJOR JOSEPH HUTCHESON; DEPUTY WARDEN DOUG WILLIAMS; and WARDEN BRUCE CHATMAN,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-50

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Hancock State Prison in Sparta, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 against Defendants, who are officers at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) Plaintiff's Complaint relates to another action that Plaintiff filed in this Court and which is still pending, Jenkins v. Hutcheson, 6:14-cv-81 (S.D. Ga. July 13, 2014) (hereinafter referred to as "Jenkins I"). In Jenkins I, Plaintiff alleged that Defendant Joseph Hutcheson, a correctional officer, assaulted Plaintiff while escorting him at Smith State Prison. In the instant case, Plaintiff alleges that Defendants destroyed the video tape of this incident. (Doc. 1, pp. 8–12.)

The Court has conducted the requisite frivolity review of that Complaint. For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims in their entirety for failure to state a claim. In addition, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND[1]

In his Complaint in this action, Plaintiff explains that he has sued Defendant Hutcheson in Jenkins I, for "the wrongful use of excessive force in violation of his Eighth Amendment rights." (Id. at p. 8.) Plaintiff alleges that Defendant Chatham, the Warden of Georgia State Prison, and Defendant Williams, the Deputy Warden, had a duty to review and preserve the videotape of the use of force pursuant to the Prison's standard operating procedure. (Id.) Plaintiff contends that the videotape should have been preserved for three years. (Id. at pp. 8–9.) He goes on to allege that Defendants have failed to preserve the video evidence and, as a result, Defendant Hutcheson and his witnesses have been able to fabricate their version of events. (Id. at pp. 9–10.) Plaintiff contends that the failure to preserve the video tape has caused him actual harm by depriving him of the only reliable source of evidence. (Id. at pp. 10–11.) He contends that by failing to preserve the tape, Defendants violated his Eighth Amendment rights. (Id. at pp. 11–12.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and,

therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal for Failure to State a Claim.

By filing the instant lawsuit, Plaintiff does not merely seek an adverse inference or other sanction on his claims pending in Jenkins I. Instead, he seeks to bring an independent cause of action against Defendants for the spoliation of the video tape under Section 1983. In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff attempts to satisfy the first element by conclusively alleging that Defendants violated his Eighth Amendment rights by failing to preserve the videotape. However, the Court is not aware of any case that has found that the destruction of evidence amounts to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. However, courts assess factual allegations such as those brought by Plaintiff under the fundamental right to access the courts.

Prisoners have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Graham v. Nat'l Collegiate Athletic Ass'n, 804 F.2d 953 (6th Cir. 1986) ("It is beyond dispute that the right of access to the courts is a fundamental right protected by the Constitution.").[2] "Thus, interference with the right of court access by state agents who intentionally conceal the true facts about a crime may be actionable as a deprivation of constitutional rights." Chappell, 340 F.3d at 1283.

"However, even the intentional destruction of legal material by prison officials does not, standing alone, establish a constitutional interference claim." Williams v. Langford, No. 2:13-CV-315-FTM-38CM, 2015 WL 8479220, at *5 (M.D. Fla. Dec. 10, 2015). Rather, in order to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury to a non-frivolous claim as a result of the defendants' alleged interference. Lewis, 518 U.S. at 349; see also Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998).

An "actual injury" does not occur "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented." Root v. Towers, 238 F.3d 423 (6th Cir. 2000) (citing Lewis, 518 U.S. at 354-56). In other words, a plaintiff who claims that his access to the courts was interfered with fails to state a claim unless he shows prejudice to his litigation. Based on this principle, courts frequently dismiss Section 1983 claims for the destruction of evidence, particularly when the plaintiff has an ongoing lawsuit through which any destruction of evidence could be remedied. See, e.g., Hunt v. City of Cleveland, 563 F. App'x 404, 410 (6th Cir. 2014) ("Because Hunt has not shown that the alleged destruction of evidence cannot be addressed adequately by the Ohio state courts in the context of his [ongoing state litigation], he has failed to show a denial of access."); Chappell, 340 F.3d at 1283-84

---

[2] "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003).

("Although access to the concealed evidence might have strengthened their case, the [plaintiffs] do not allege that they were or would have been prevented from filing a wrongful death suit within the statute of limitations period, nor that the Defendants' actions would have made such a suit inadequate, ineffective, or not meaningful."); Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986) (rejecting denial-of-access claim based upon police cover-up when there was "no reason to believe that an Ohio court and jury would be unavailable and would not do justice between the parties"); Bratt v. Genovese, No. 8:13-CV-3210-T-36AEP, 2014 WL 6832644, at *3 (M.D. Fla. Dec. 3, 2014) ([Plaintiff] has failed to allege that the cover up successfully impeded his access to the courts."); Roe v. City of Spokane, No. CV-06-0357-FVS, 2008 WL 2705142, at *8 (E.D. Wash. July 9, 2008) ("[Plaintiffs] have state law claims pending before a court. Only if these claims prove to be ineffective will their access to courts claim lie. The Plaintiff's Section 1983 claim for denial of access to the courts will therefore be dismissed without prejudice."); Fedor v. Kudrak, 421 F.Supp.2d 473, 483 (D. Conn. 2006) (plaintiff's denial-of-access claim failed, since plaintiff was not actually prevented from initiating litigation and seeking appropriate remedies).

In the case at hand, Plaintiff has failed to allege that the Defendants' failure to preserve the video tape has caused him an actual injury. He has not set forth plausible facts that his excessive force claim against Hutcheson has been lost or rejected, or that the presentation of that claim has been prevented. As noted above, Plaintiff has filed Jenkins I, that case is still pending and Plaintiff is actively pursuing his claims. Accordingly, Plaintiff has not stated a claim that his access to the courts through Jenkins I is ineffective.[3]

---

[3] As emphasized below, Defendants must have acted with intent to frustrate Plaintiff's ability to bring suit in order to give rise to a claim of denial of access to the Courts. If such intent existed, then Plaintiff would likely be able to obtain sanctions in Jenkins I for spoliation of evidence. "[S]poliation is defined as the destruction of evidence or the significant and meaningful alteration of a document or instrument." Green Leaf Nursery v. E.I. DuPont De

Moreover, to establish a claim for denial of access to the Courts, Plaintiff must show that Defendants acted with intent to frustrate Plaintiff's ability to bring suit. See Chappell, 340 F.3d at 1283 (distinguishing between claims of intentional concealment of facts and mere failure to investigate); Simkins v. Bruce, 406 F.3d 1239, 1242 (10th Cir. 2005) (plaintiff must allege intentional conduct interfering with his legal mail to support claim of impeding a right of access to the courts); Snyder v. Nolen, 380 F.3d 279, 291 n. 11 (7th Cir. 2004) ("an allegation of simple negligence will not support a claim that an official has denied an individual access to the courts" and citing cases from other courts holding same). Here, Plaintiff merely alleges that Defendants acted with negligence, (doc. 1, p. 9), and in violation of standard operating procedures (id. at p. 8). These allegations do not rise to the level of intent necessary to support a claim of interference with access to the courts.

For these reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims in this action in their entirety.

---

Nemours and Co., 341 F.3d 1292, 1308 (11th Cir.2003). Spoliation of evidence by one party can often result in sanctions or other measures against that party in a pending litigation. For example, upon a finding of spoliation, in some circumstances, the court may impose the sanction of a jury instruction, which instructs the jury that it may infer that the destroyed evidence would have been unfavorable to the party responsible for the destruction. See Flury v. Daimler Chrysler Corp., 427 F.3d 939, 945 (11th Cir.2005). The Court expresses no opinion herein as to whether spoliation sanctions will be appropriate in Jenkins I. However, the potential availability of spoliation sanctions further demonstrates that Plaintiff's access to the courts has not been thwarted. See Swekel v. City of River Rouge, 119 F.3d 1259, 1263–64 (6th Cir.1997) (noting the general adequacy of state-court remedies in redressing police cover-ups); McCloud v. Prack, 55 F. Supp. 3d 478, 483 (W.D.N.Y. 2014) ("Plaintiff has not alleged any actual prejudice in this or any other judicial action, resulting from defendants' alleged conspiracy to destroy evidence. Plaintiff has not been prevented from seeking judicial relief . . . In addition, if this action were to go to trial, plaintiff could seek an instruction permitting the jury to draw an inference adverse to defendants, although I express no opinion at this juncture whether such an instruction would be warranted.").

**II.     Leave to Appeal In Forma Pauperis**

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should be **DENIED**.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's federal claims against all Defendants.  I further **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal in forma pauperis.

---

[4]  A certificate of appealablity is not required in this Section 1983 action.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA